UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENDALL WALKER,

                              Plaintiff,                  9:18-cv-1189 (BKS/CFH)

v.

D. MARTUSCELLO, *Superintendent,*
*Coxsackie Correctional Facility*, et al.,

                              Defendants.

**Appearances:**

*Plaintiff, pro se:*
Kendall Walker
07-A-6883
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

*For Defendants:*
Letitia James
Attorney General of the State of New York
Erik Boule Pinsonnault
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Kendall Walker commenced this pro se action under 42 U.S.C. § 1983 arising out of his incarceration at Coxsackie Correctional Facility. (Dkt. No. 1). On March 13, 2019, Defendants Martuscello, Barringer and Reddie filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. No. 14). Plaintiff opposed the motion. (Dkt. No. 20). This matter was assigned to United States Magistrate Judge

Christian F. Hummel who, on December 9, 2019, issued a Report-Recommendation recommending that Defendants' motion to dismiss be granted in part and denied in part. (Dkt. No. 33). Magistrate Judge Hummel further recommended that Plaintiff's claims against Defendant Ali be dismissed sua sponte, without prejudice, for failure to effect service on Ali and for failure to state a claim. (*Id.* at 30). Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 31–32). No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none with respect to the recommendation regarding Defendants Martuscello, Barringer and Reddie, the Court adopts the Report-Recommendation as to those defendants in its entirety. With respect to Defendant Ali, the Court finds no clear error in the recommendation that Defendant Ali be dismissed without prejudice for failure to state a claim, and therefore adopts that recommendation.[1] However, in light of Fed. R. Civ. P. 4(m), which permits sua sponte dismissal for failure to serve "after notice to the plaintiff," the Court does not dismiss Defendant Ali at this time for failure to serve, but instead notifies Plaintiff that dismissal of Defendant Ali is also warranted for failure to serve. Plaintiff has thirty days to respond to this notice and to explain why Defendant Ali should not be dismissed.

---

[1] Although the Court, upon initial review, ordered all of the Defendants to respond to the Complaint, (Dkt. No. 4), at this juncture, after reviewing the Complaint and the Report-Recommendation, the Court concurs in Magistrate Judge Hummel's recommendation the claims against Defendant Ali be dismissed because the Complaint lacks sufficient facts plausibly alleging Defendant Ali's personal involvement in the alleged constitutional violations.

2

In recognition of Plaintiff's status as a pro se litigant, leave to file an amended complaint to address the deficiencies identified in the Report-Recommendation is granted. Any such amended complaint must be filed within thirty (30) days of the date of this Order. Any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)). If Plaintiff fails to file an amended complaint within thirty (30) days, only the claims that have not been dismissed will proceed.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 33) is **ADOPTED** in its entirety as to Defendants Martuscello, Barringer and Reddie; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that the following claims are **DISMISSED** without prejudice: Plaintiff's First Amendment religious claims related to: (1) the cancellation of May 27, 2016 Jumu'ah service; (2) the cancellation of the December 15, 2015 Nation of Islam class; and (3) the failure to provide showers before Jumu'ah services; and it is further

**ORDERED** that Defendants' motion to dismiss is **DENIED** as to all remaining claims against Defendants Martuscello, Barringer and Reddie; and it is further

**ORDERED** that Plaintiff's claims against Defendant Ali are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be

granted; and Plaintiff is hereby notified that dismissal is also warranted under Fed. R. Civ. P. 4(m) for failure to serve Defendant Ali; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint, addressing the deficiencies identified in the Report-Recommendation, within thirty (30) days of the date of this Order; and it is further

**ORDERED** that if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, only the claims that have not been dismissed in this Order will proceed; and it is further

**ORDERED** that Plaintiff may file a response, which is due within thirty (30) days of the date of this Order, to the notice that dismissal of Defendant Ali is appropriate under Fed. R. Civ. P. 4(m) for failure to serve; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 13, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge